IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DARAINE DELEVANTE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendant.** | **Case No. 1:24-cv-05013-LMM-CMS** |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Experian Information Solutions, Inc. ("Experian"), hereby submits this Motion to Dismiss for Failure to State a Claim upon which relief can be granted. Experian requests the Court dismiss the Complaint in its entirety and with prejudice as it fails to state a legally cognizable claim against Experian.

I. **INTRODUCTION**

Plaintiff Daraine Delevante ("Plaintiff") filed the instant action against Experian, generally alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. Plaintiff generally complains that Experian lacked a permissible purpose to access his credit information and failed to appropriately reinvestigate the information following receipt of Plaintiff's dispute. Compl. at ¶ 24–

25, 41–44. Plaintiff further alleges Experian committed identity theft by procuring Plaintiff's credit report. Compl. at ¶ 45.

Plaintiff's claims fail as a matter of law. First, Experian is a credit reporting agency ("CRA") as defined by 15 U.S.C. §1681a(f) and as such is entitled to furnish a consumer report under the FCRA pursuant to 15 U.S.C. §1681a(d). Plaintiff acknowledges this in his Complaint. Compl. at ¶¶ 16–18. Second, the alleged privacy violations underlying Plaintiff's complaint are not supported by authority and even if all of Plaintiff's allegations are accepted as true, do not support a claim upon which relief can be granted. Plaintiff alleges Experian failed to properly reinvestigate the credit information following Plaintiff's disputes but applies a standard which does not exist in the FCRA.

Leave to amend would be futile since Plaintiff cannot amend his Complaint to state cognizable claims against Experian based on his theory of wrongdoing. Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## II. SUMMARY OF ALLEGATIONS

Plaintiff alleges the following violations of the FCRA: (1) violation of section 15 U.S.C. § 1681b(a)(3)(F)(i) by failing to establish a permissible purpose for furnishing a consumer credit report; and (2) violation of 15 U.S.C. § 1681(a)(4), which requires a CRA exercise its responsibilities with "fairness, impartiality, and

respect for the consumer's right to privacy." Compl. at 8-9. In support of his second claim, Plaintiff alleges Experian committed identity theft against him and failed to appropriately reinvestigate the credit data after Plaintiff submitted a dispute.

Of note, Plaintiff references exhibits in his Complaint (Compl. at ¶¶ 21, 25). These Exhibits were filed in state court as a stand-alone filing but included in the removal documents and filed with this Court.  See Dkt. 1-1 at 17.

### III.    LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing Fed. R. Civ. P. 8). The pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering a Rule 12(b)(6) motion, the Court "views the complaint in the light most favorable to the plaintiff, and accept[s] as true all of the plaintiff's well-pleaded facts." *Crook-Petite-el v. Bumble Bee Foods L.L.C.*, 723 F. App'x 974 (11th Cir. 2018). But, in deciding whether dismissal is warranted, a court will not accept conclusory allegations in the complaint as true. *Iqbal*, 556 U.S. at 678.

To survive dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'," thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted). "[A] court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory." *Neitzke v. Williams*, 490 U.S. 319 (1989).

Although "[a] pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed," nevertheless, "a pro se pleading must still suggest that there is at least some factual support for a claim." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the

4

contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (N.D. Ga. 2016).

## IV.   ARGUMENT

### A.   Plaintiff's Permissible Purpose Claim Against Experian Fails

To state a claim for civil liability against a CRA based on Section 1681b, a plaintiff must allege a plaintiff must prove that "(1) a [CRA] (2) furnished the plaintiff's consumer report (3) to another, and (4) the CRA did not have reason to believe intended to use the information for a permissible purpose." *Haegerty v. Equifax Info. Servs. LLC*, 2020 WL 6482423 at *18 (N.D. Ga., January 15, 2020)." Plaintiff alleges Experian "allowed Plaintiffs [sic] consumer reports to be furnished knowingly without a permissible purpose." Compl. ¶ 66. There are no allegations regarding any specific credit reports provided to any specific third parties for an impermissible purpose. There are no allegations to support a claim that Experian violated Section 1681b negligently or willfully. *See Davis v. Capital One Auto Finance*, 2017 WL 4129647 at *3 (N.D. Ga. September 18, 2017) (dismissing a complaint where the complaint contains only conclusory allegations that fail to explain how defendant allegedly violated the FCRA).

Plaintiff also provides no basis to infer that Experian furnished Plaintiff's credit report for an impermissible purpose, or that any third party lacked a permissible purpose for obtaining the credit report under § 1681b(a)—his claims are

simple legal conclusions, unsupported by any alleged facts. At most, Plaintiff alleges that Experian did not provide Plaintiff with "certification" that permissible purpose was given; however, under its plain terms the FCRA does not require CRAs to provide "certification" of a permissible purpose upon request. Plaintiff's sole cited case on this point, *Chester v. Purvis,* 260 F. Supp. 2d 711 (S.D. Ind. 2003), has no weight here—that case concerned the impermissible use of an individual's credit report by a lawyer, not a CRA.

Plaintiff cites to Exhibit B in support of this claim. Compl. ¶ 25. Presumably, Plaintiff is referring to the portion of his credit report listing soft inquiries. The exhibit states:

> Soft inquiries are generally initiated by others, like companies making promotional offers or lenders periodically reviewing your existing credit accounts. Soft inquiries also include checking your own credit report or using monitoring services, and have no impact on your credit score.

Dkt. 1-1 at 24. This paragraph expressly states what purposes the soft inquiries were furnished for.[1]

The FCRA permits a CRA to furnish a consumer report to an entity the CRA has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

---

[1] Furthermore, soft inquiries do not harm a consumer's credit, and therefore cannot have been the cause of any damages to Plaintiff.

involving the extension of credit to, or review or collection of an account of, the consumer" (15 U.S.C. § 1681b(a)(3)(A), supporting use for promotional offers); "to review an account to determine whether the consumer continues to meet the terms of the account" (15 U.S.C. § 1681b(a)(3)(F)(ii), supporting use to reviewing existing accounts); and "in accordance with the written instructions of the consumer to whom it relates" (15 U.S.C. § 1681b(a)(2), supporting use for the consumer reviewing his own credit report).

As evidenced in Plaintiff's own exhibits, Experian had a permissible use for furnishing the credit report to each entity that conducted a soft inquiry. Plaintiff fails to allege any purpose constituting an impermissible purpose—rather, Plaintiff alleges Experian failed to provide a permissible purpose, which is patently false. *See Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 187 (D.N.J. 2012) (dismissing the complaint where a permissible purpose for a soft inquiry was clear); *see also Hoefling*, 811 F.3d 1277 (when an allegation in a complaint is contradicted by a supporting exhibit, the exhibit controls). The claim under section 1681b fails.

### B. Plaintiff's Second Cause of Action Fails to State A Claim Upon Which Relief Can Be Granted

Plaintiff's second claim alleges a violation of 15 U.S.C. 1681(a)(4), which requires a CRA "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." In support of his claim, Plaintiff alleges Experian violated Plaintiff's right to privacy and failed to appropriately

7

reinvestigate following the dispute. Compl. ¶ 71. Experian will address each component of the claim in turn.

1. <u>Privacy Violations and Identity Theft</u>

FCRA Section 1681c-2 admonishes a credit reporting agency to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft" only after receipt of the following:

>   (1) appropriate proof of the identity of the consumer;
>   (2) a copy of an identity theft report;
>   (3) the identification of such information by the consumer; and
>   (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2. However, if "nowhere in the Complaint, or attachments thereto, does [p]laintiff state that []he was the victim of identity theft or informed Defendants of the same," the claim is subject to dismissal. *Dukuray v. Experian Information Solutions*, 2024 WL 3812259 at *7 (S.D.N.Y. July 26, 2024). Plaintiff does not allege he was a victim of identity theft or ever "sent this information to Defendants, detailed the specific inaccurate information to be blocked, and requested Defendants to block such information." *Broaddus v. Trans Union, LLC*, 2024 WL 3892934 at *3 (S.D. Cal. August 21, 2024). As alleged, Plaintiff cannot be said to be a victim of identity theft by Experian. "Credit reporting without the consumer's consent does not amount to identity theft and is simply not a valid basis for a viable

claim under the FCRA." *Marinello v. Trans Union, LLC*, 2024 WL 3532282 at *3 (E.D. Mich. July 3, 2024). This is insufficient to state a claim for identity theft. The claim fails as a matter of law and should be dismissed with prejudice.

2. <u>Failure to Reinvestigate</u>

In support of his second cause of action, Plaintiff alleges Experian failed to "conduct a lawful reinvestigation and send required proof of the certification in accordance with section 16811681b(f) [sic]." Compl. ¶ 71. The FCRA requires a CRA "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file." 15 U.S.C. § 1681(a)(1)(A).

First, any claim that Experian failed to reasonably reinvestigate Plaintiff's disputes fails as a matter of law because Plaintiff has not alleged an inaccuracy. Inaccuracy is a required element of any cause of action under the FCRA. *See Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1367 (11th Cir. 2024) (finding a FCRA claim was inactionable because the Plaintiffs failed to identify inaccurate information). Not once does Plaintiff identify which tradelines were allegedly inaccurate, nor how they were inaccurate. Therefore, Plaintiff's 1681(i) claims fail. Nor does Plaintiff make any other factual allegation that would show how Experian's reinvestigation was inadequate. The FCRA imposes specific duties on CRAs like Experian in the event of a consumer dispute. Where a consumer notifies the CRA

directly of the dispute, the CRA "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the [CRA] receives the notice of the dispute from the consumer . . . ." 15 U.S.C. § 1681i(a)(1)(A).

Plaintiff does not allege Experian failed to reinvestigate based on his dispute. Nor does he allege that the reinvestigations took longer than the time permitted under the FCRA. Plaintiff alleges only that Experian did not "design and implement an electronic method to contact Plaintiff regarding information it intends to place in consumer reports concerning Plaintiff . . . ." Compl. ¶ 34. The FCRA imposes no such obligation on Experian. Generally, a credit reporting agency is required to "provide notification of the dispute to any person who provided any item of information in dispute" and verify the accuracy. *See* 15 U.S.C. § 1681b(a)(2). Indeed, the originator of the information – that is, the creditor – has a direct relationship with consumers and therefore has a higher duty to investigate than CRAs. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009) ("the furnisher of credit information stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation."). Plaintiff fails to state a claim that Experian failed to properly reinvestigate following

10

Plaintiff's dispute.

## V. CONCLUSION

Experian respectfully requests the Court grant its motion and dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: November 8, 2024

Respectfully submitted,

*/s/ Samuel D. Lack*
Samuel D. Lack
Georgia Bar No. 749769
TROUTMAN PEPPER
HAMILTON SANDERS LLP
600 Peachtree Street, Suite 3000
Atlanta Georgia 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
samuel.lack@troutman.com

*Attorney for Defendant Experian Information Solutions, Inc.*

## LOCAL RULE 7.1D CERTIFICATION

Counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1B.

This 8th day of November, 2024.

/s/ *Samuel D. Lack*
Samuel D. Lack

## CERTIFICATE OF SERVICE

This is to certify that on November 8, 2024, I have caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to:

Daraine Delevante
360 Pharr Rd NE, Apt. 114
Atlanta, GA 30305
*Pro Se Plaintiff*

/s/ *Samuel D. Lack*
Samuel D. Lack