IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARAINE DELEVANTE,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:24-cv-5013-LMM-CMS |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Daraine Delevante, proceeding without an attorney, sued Defendant Experian Information Solutions, Inc. ("Experian"), asserting claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). [Doc. 4, Am. Compl.]. The matter is before the Court on Experian's Motion to Dismiss. [Doc. 7].

**I.   BACKGROUND**

  **A.   Delevante's Allegations**[1]

According to the Amended Complaint, Delevante, who resides in Fulton County, Georgia, is an entrepreneur who owns several businesses. [Am. Compl.

---

[1] The following facts are taken from the Amended Complaint and are accepted as true for purposes of resolving the motion to dismiss. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

¶¶ 7, 9]. Delevante alleges that Experian is a consumer reporting agency ("CRA") as defined in the FCRA. [*Id.* ¶¶ 16, 18].

According to the Amended Complaint, Delevante sent a dispute letter to Experian via certified mail on July 3, 2024, disputing "the completeness and/or accuracy and permissible purpose of information/Inquir[i]es contained in consumer reports concerning [Delevante] that were prepared and maintained by [Experian] and published by [Experian] to third parties." [Am. Compl. ¶¶ 19–20]. Delevante alleges that Experian received his dispute letter on July 8, 2024. [*Id.* ¶ 22].

The Amended Complaint alleges that Experian "has prepared consumer reports concerning [Delevante]." [Am. Compl. ¶ 23]. Delevante alleges that Experian "does not follow reasonable procedures to assure maximum possible accuracy of the information concerning [Delevante] in the consumer reports" that it prepares concerning Delevante. [*Id.* ¶ 24]. According to the Amended Complaint, Experian "furnished [Delevante's] consumer report to persons without a permissible purpose." [*Id.* ¶ 25].

The Amended Complaint states that Experian has certain information, including (1) Delevante's "home mailing address" [Am. Compl. ¶ 26], (2) his "Identification & Social Security number" [*id.* ¶ 27], (3) "notarized documents substantiating [Delevante's] identity" [*id.* ¶ 28], and (4) Delevante's telephone

number, email address, and facsimile number [*id.* ¶¶ 29–31]. According to the Amended Complaint, Experian "can contact [Delevante] regarding information it intends to place in consumer reports concerning [Delevante] as a procedure to assure maximum possible accuracy of said information." [*Id.* ¶ 32].

Delevante alleges that Experian "can design and implement an electronic method to contact [Delevante] regarding information it intends to place in consumer reports concerning [Delevante] as a procedure to assure maximum possible accuracy of said information similar to what i[t] uses for its subscribers." [Am. Compl. ¶ 34]. According to the Amended Complaint, Experian has failed to do so because: (1) it wants to save costs [*id.* ¶ 35]; and (2) it "does not see assuring the maximum possible accuracy of consumer reports as a priority to its business model" [*id.* ¶ 36].

Delevante alleges that Experian "sees violating consumers by not assuring accurate consumer reports as a cost of doing business" and "sets aside a sum of money to 'pay off' consumers that it violates." [Am. Compl. ¶ 38]. According to the Amended Complaint, Experian (1) "intentionally failed to verify or certify the purpose to furnish consumer reports" [*id.* ¶ 39], (2) "intentionally failed to follow reasonable procedures to assure maximum possible accuracy of the information

concerning [Delevante] that [Experian] prepared and published" [*id.* ¶ 41],[2] (3) "negligently failed to follow [the FCRA's] requirements for furnishing consumer reports to a person without a legitimate business reason" [*id.* ¶ 42], (4) "failed to certify the purpose for which the consumer report was being furnished" [*id.* ¶ 43], (5) "knowingly furnished [Delevante's] consumer reports to a person without any permissible purposes" [*id.* ¶ 44], (6) "knowingly aided the procurement of [Delevante's] consumer reports to a person under false pretenses which constitutes aggravated identify theft" [*id.* ¶ 45], and (7) "failed to keep [Delevante's] information private" [*id.* ¶ 46].

According to the Amended Complaint, Experian intentionally or negligently failed to investigate the information that Delevante disputed or to delete the disputed information within thirty days after receiving Delevante's disputes. [Am. Compl. ¶¶ 47–50]. Delevante alleges that Experian did not evaluate or consider Delevante's information or requests and that it "made no attempt to substantially or reasonably

---

[2] The Amended Complaint does not contain a paragraph 40. [Am. Compl. at 6].

reinvestigate the disputed information." [*Id.* ¶ 51]. According to the Amended Complaint, Experian instead "responded with stall tactics." [*Id.* ¶ 54].[3]

Delevante also alleges that Experian has not provided him "with [p]roof" that a permissible purpose existed for disclosing his consumer reports. [Am. Compl. ¶ 56]. According to the Amended Complaint, Delevante "has spent significant time and effort working to resolve these issues," costing him "time away from work that he has to do at the billable rate of $500 per hour." [*Id.* ¶¶ 57–58]. Delevante alleges that he has incurred costs for postage and suffered emotional distress. [*Id.* ¶¶ 59–60]. According to the Amended Complaint, Delevante (1) "has lost credit opportunities and been denied credit applications due to the consumer reports about him that are prepared, maintained, and published by Experian" [*id.* ¶ 61], and (2) "has been denied credit applications due to lowered FICO scores due to wrongful credit reporting of certain items by [Experian] in consumer files concerning [Delevante]" [*id.* ¶ 63].

Delevante attached a copy of the letter that he sent to Experian to his Amended Complaint. [Doc. 4-3]. The letter does not identify specific information in Delevante's credit file or consumer report that Delevante claims is incorrect or

---

[3] The Amended Complaint does not contain paragraphs numbered 52 or 53. [Am. Compl. at 7–8].

inaccurate. *See generally* [*id.*]. Instead, the letter asserts that Experian disclosed Delevante's consumer report to various entities without a permissible purpose. *See generally* [*id.*].

Delevante also attached a portion of his consumer report to his Amended Complaint. [Doc. 4-2]. The consumer report reflected that several entities had made "soft inquiries" and that no "hard inquiries" had occurred. [*Id.* at 2–7].

### B. Procedural Background

On September 26, 2024, Delevante filed this lawsuit in the Superior Court of Fulton County, Georgia. [Doc. 1-1 at 3]. On November 1, 2024, Experian removed the case to this Court. [Doc. 1-1]. On November 8, 2024, Experian moved to dismiss this action for failure to state a claim for relief. [Doc. 3].[4]

On November 12, 2024, Delevante filed his Amended Complaint. [Doc. 4]. Delevante asserts claims under the FCRA, including: (1) a claim that Experian violated 15 U.S.C. § 1681b(a) by disclosing Delevante's consumer report without a permissible purpose ("Count One") [Am. Compl. ¶¶ 64–70]; and (2) a claim that Experian violated 15 U.S.C. § 1681(a)(4) by (a) furnishing Delevante's reports

---

[4] After Delevante filed his Amended Complaint, I recommended that the first motion to dismiss be denied as moot. [Doc. 5]. The district judge adopted my Report and Recommendation and denied the first motion to dismiss as moot. [Doc. 9].

without a permissible purpose, (b) failing to delete inaccurate information, (c) failing to conduct a reinvestigation and to send proof of the certification, (d) failing to forward relevant information to the alleged furnishers of information, (e) failing to maintain reasonable procedures to filter and verify disputed information, and (f) relying on verification from a third party source that Experian knew or should have known was unreliable ("Count Two") [*id.* ¶¶ 71–79].

On November 26, 2024, Experian moved to dismiss the Amended Complaint for failure to state a claim for relief. [Doc. 7]. Delevante did not respond to the motion to dismiss within the applicable time period. *See generally* [Docket]. Under the Court's Local Rules, a party's failure to file a response to a motion indicates that there is no opposition to the motion. LR 7.1(B), NDGa. The pending motion to dismiss is therefore considered unopposed. The fact that a motion is unopposed does not mean, however, that the moving party automatically prevails; the Court still must consider the merits of the motion. *Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017) (per curiam). I, therefore, have reviewed the merits of the arguments raised in the motion to dismiss in making this report and recommendation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions of it, for "failure to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam). Although a court must accept well-pleaded facts as true and make reasonable inferences for the plaintiff, it need not accept the plaintiff's legal conclusions or unwarranted deductions of fact. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1246, 1248 (11th Cir. 2005) (per curiam).

A court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Chandler*, 695 F.3d at 1199 (internal quotation marks and citation omitted). The Supreme Court has stated that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly* ("*Twombly*"), 550 U.S. 544, 555 (2007). Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant might have acted unlawfully is not enough to allow a claim to survive a motion to dismiss. *Id.* Instead, the well-pleaded allegations of the complaint must move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. But the factual allegations in a complaint can survive a motion to dismiss even though recovery may be remote or unlikely. *Id.* at 555–56. As long as the facts alleged create a reasonable expectation that discovery will reveal evidence of the necessary elements, the plaintiff's suit should continue. *Id.* at 556.

Where, as here, a plaintiff files a complaint pro se, the Court must liberally construe the complaint and hold it to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A pro se plaintiff, however, still must comply with the threshold requirements of the Federal Rules of Civil Procedure and allege facts sufficient "to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Obligations Imposed by the FCRA

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA applies to companies, including CRAs like Experian, "that regularly disseminate information bearing on an individual's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016) (quoting 15 U.S.C. § 1681a(d)(1)).

The FCRA generally prohibits a person from using or obtaining a consumer report without a permissible purpose. 15 U.S.C. §§ 1681b(a), (f). As relevant here, Section 1681b(a) applies to CRAs and restricts the furnishing of a consumer report to the permissible purposes set forth in the statute, "and no other." 15 U.S.C. § 1681b(a). The FCRA restricts the furnishing of a "consumer report" by a CRA "to a person which [the CRA] has reason to believe" has a permissible purpose for obtaining it. 15 U.S.C. § 1681b(a)(3). The FCRA also requires CRAs to "maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under § 1681b," and "[t]hose procedures include requiring 'prospective users of the information to identify themselves, certify the purposes for which the

10

information is sought and certify that the information will be used for no other purpose.'" *Dobson v. Holloway*, 828 F. Supp. 975, 977 (M.D. Ga. 1993) (quoting 15 U.S.C. § 1681e(a)).

The FCRA also provides that when preparing a consumer report, a CRA must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Toward that end, when a consumer disputes the accuracy of information contained in a consumer file, the CRA must, among other things, "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).

### B.     Count One: Permissible Purpose

In Count One, Delevante alleges that Experian violated Section 1681b(a) by disclosing his consumer report without a permissible purpose. [Am. Compl. ¶¶ 64–70]. To plead a claim for a violation of Section 1681b(a), a plaintiff must plead that "(1) a [CRA], (2) furnished the plaintiff's consumer report to (3) a person, (4) that the CRA did not have reason to believe intended to use the information for a permissible purpose." *Heagarty v. Equifax Info. Servs., LLC*, No. 1:18-cv-1233-CAP-CMS, 2020 WL 6482423, at *14 (N.D. Ga. Jan. 15, 2020) (internal quotation marks omitted), *adopted by* 447 F. Supp. 3d 1328 (N.D. Ga. 2020).

11

Delevante has not pled facts showing that his consumer report was furnished for impermissible purposes. He provides no facts suggesting that Experian provided a consumer report to any specific third party for an impermissible purpose. Instead, he simply sets forth legal conclusions. [Am. Compl. ¶¶ 25, 39, 42–45]. Delevante, therefore, has not stated a plausible claim for a violation of Section 1681b. *See Marinello v. TransUnion, LLC*, No. 23-cv-12871, 2024 WL 3532282, at *2 (E.D. Mich. July 3, 2024) (finding that the plaintiff failed to state a claim for a violation of Section 1681b where he made no factual allegations showing that his consumer report was furnished for impermissible purposes, noting that the complaint contained "no information about the credit report at issue, what information was contained in the report, or the purposes for which it was used"), *adopted by* 2024 WL 3523880 (E.D. Mich. July 23, 2024); *Pierre v. Trans Union*, No. 1:20-cv-3325-MLB-JCF, 2020 WL 10228977, at *2 (N.D. Ga. Nov. 12, 2000) (concluding that a plaintiff did not allege a plausible claim because she did "not identify to whom her consumer reports were furnished in violation of the FCRA, nor [did] she set forth facts that plausibly demonstrate[d] that Defendant furnished them without authorization as set forth in the FCRA").

In his Amended Complaint, Delevante states that Experian failed to provide him with a certification that a permissible purpose was given by a third party who

sought to obtain his consumer report. [Am. Compl. ¶¶ 43, 56]. The FCRA, however, does not contain such a requirement. *See generally* 15 U.S.C. § 1681b; 15 U.S.C. § 1681e. Instead, the FCRA's certification requirements apply to persons or entities who request consumer reports. 15 U.S.C. § 1681b(b); 15 U.S.C. § 1681e. Delevante, therefore, cannot state a plausible claim for relief based on this allegation.[5]

Moreover, Exhibit B to the Amended Complaint indicates that Experian had a permissible purpose to disclose Delevante's consumer report. Exhibit B lists the entities that made "soft inquiries" about Delevante's consumer report during the relevant period, as well as the dates of those inquiries. [Doc. 4-2 at 3–7]. Exhibit B explains that "[s]oft inquiries are generally initiated by others, like companies making promotional offers or lenders periodically reviewing your existing credit accounts." [*Id.* at 2]. The FCRA allows a CRA to furnish a consumer report to a person that it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be

---

[5] Delevante cannot state a claim for relief based on a contention that Experian released his consumer report without his consent. *See Marinello*, 2024 WL 332282, at *2 ("In most cases, 'the plain language of § 1681b makes clear that consumer consent simply is not a prerequisite to release of a consumer report to a third party.'") (quoting *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 449 (E.D. Va. 2009)).

furnished and involving the extension of credit to, or review or collection of an account of, the consumer," 15 U.S.C. § 1681b(a)(3)(A), or who has "a legitimate need for the business information . . . to review an account to determine whether the consumer continues to meet the terms of the account," 15 U.S.C. § 1681b(3)(F)(ii). "Soft inquiries" generally involve either the extension of credit or a review of an account. [Ex. B at 2]. Exhibit B, therefore, suggests that Experian had a permissible purpose to disclose Delevante's consumer report to the entities that made soft inquiries during the relevant period.[6]

For the above reasons, Delevante has not stated a plausible claim for a violation of Section 1681b. The motion to dismiss should be granted as to Count One.

### C. Count Two: Failure to Maintain Reasonable Procedures or Conduct a Reasonable Investigation

In Count Two, Delevante alleges that Experian violated Section 1681(a)(4). [Am. Compl. ¶¶ 75–79]. According to the Amended Complaint, Experian violated

---

[6] To the extent that Exhibit B contradicts the allegations of the Amended Complaint, Exhibit B is controlling. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

Delevante's right to privacy by (1) furnishing Delevante's consumer reports without a permissible purpose, (2) failing to delete inaccurate information in Delevante's consumer report or credit file after receiving notice of inaccuracies, (3) failing to conduct a lawful reinvestigation and send proof of certification of the reinvestigation, (4) failing to forward relevant information to alleged furnishers of information, (5) failing to maintain reasonable procedures to filter and verify disputed information, and (6) relying on verification from a third party source that Experian had reason to know, or should have had reason to know, was unreliable. [*Id.* ¶ 75]. For the reasons below, Count Two does not state a plausible claim for relief.

First, Section 1681(a)(4) "is simply a statement of purpose for the FCRA that '[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy,'" and it cannot provide the basis for a substantive FCRA claim. *Pierre*, 2020 WL 10228977, at *2 (quoting 15 U.S.C. § 1681(a)(4)). Delevante has not cited to a provision of the FCRA that would allow him to assert a claim against Experian for allegedly violating his "right to privacy," "particularly in the absence of facts plausibly demonstrating that the information [contained in his consumer report] was inaccurate or that [Experian] improperly furnished [his] consumer reports to third

15

parties." *Id.* Nor can Delevante assert a claim under the FCRA for credit reporting without his consent. *See Marinello*, 2024 WL 3532282l, at *3 ("Credit reporting without the consumer's consent does not amount to identity theft and is simply not a basis for a viable claim under the FCRA.") (internal quotation marks and citation omitted).

Even if Delevante intended to assert a claim based on alleged inaccuracies in his consumer report or an alleged failure to conduct a reasonable investigation, that claim would fail. To state a claim under Section 1681e(b) based on an allegedly inaccurate consumer report, a plaintiff must plead that a CRA "published an inaccurate consumer report to a third party." *Williams v. Trans Union, LLC*, No. 1:19-cv-1896-TWT-CMS, 2019 WL 11502906, at *2 (N.D. Ga. Oct. 23, 2019), *adopted by* 2019 WL 11502902 (N.D. Ga. Dec. 9, 2019). Similarly, to state a claim for a violation of Section 1681i(a) based on a failure to reinvestigate disputed information, a plaintiff "must allege that [his or] her [consumer] report contains inaccurate or incomplete information." *Id.* Unless a plaintiff shows an inaccuracy in his consumer report, "the reasonableness of the reporting agency's procedures turns out not to matter." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020). Here, Delevante has not pled facts showing an inaccuracy in his consumer report or credit file, and he fails to state a claim based

on any alleged failures to delete inaccurate information, to conduct a reinvestigation, to forward relevant information to the respective furnishers of the information, or to maintain reasonable procedures for filtering and verifying information. *Lacey v. Trans Union, LLC*, No. 8:21-cv-519-02-JSS, 2021 WL 2917602, at *3 (M.D. Fla. July 12, 2021); *see also Erickson*, 981 F.3d at 1251 (noting that the reasonableness of a CRA's investigation is irrelevant unless there is an allegation of an inaccuracy). At most, Delevante alleges, in conclusory terms, that his report and file are inaccurate. [Am. Compl. ¶¶ 47–51]. Those conclusory allegations, however, do not satisfy Delevante's obligation to plead an inaccuracy. *Lacey*, 2021 WL 2917602, at *3.

Nor has Delevante pled facts suggesting that he notified Experian about an inaccuracy. At most, Delevante makes conclusory allegations that he disputed information. [Am. Compl. ¶¶ 47–51, 54]. The "dispute letter" attached as Exhibit A to the Amended Complaint, however, does not identify an inaccuracy in Delevante's credit file or consumer report. *See generally* [Doc. 42-3]. Instead, Delevante simply complained that Experian purportedly disclosed his consumer report to various entities without a permissible purpose. *See generally* [*id.*]. Delevante, therefore, has not pled facts suggesting that he notified Experian of an inaccuracy in his consumer report or credit file.

17

Delevante also may contend that Experian failed to block information in his credit file from reporting. The FCRA provides that a CRA must "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft" after receiving certain information. 15 U.S.C. § 1681c-2(a). Delevante, however, has not pled facts suggesting that he was the victim of identity theft or that he informed Experian that he was the victim of identity theft. Delevante, therefore, has not stated a plausible claim under Section 1681c-2. *See Dukuray v. Experian Info. Sols.*, No. 23 Civ. 9043 (AT) (GS), 2024 WL 3812259, at *7 (S.D.N.Y. July 26, 2024) (finding that a plaintiff could not have asserted a claim under Section 1681c-2 where she failed to allege "that she was the victim of identity theft or informed Defendants of the same"), *adopted by* 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).

For the above reasons, Count Two does not state a plausible claim for relief. The motion to dismiss should be granted as to this claim.

IV. **LEAVE TO AMEND**

Based on the above, I conclude that Delevante's Amended Complaint fails to allege viable claims against Experian. "Where it appears that a more carefully drafted complaint may state a plausible claim for relief, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the

18

action with prejudice." *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (per curiam). The Court need not permit Delevante to amend here because Delevante has already received one opportunity to amend his pleading. Delevante's allegations also do not indicate that a more carefully drafted complaint might state a plausible claim for relief against Experian. Rather, Delevante's factual allegations show nothing beyond a mere possibility of a violation of the FCRA, which is inadequate to state a plausible claim. *Twombly*, 550 U.S. at 556–57; *see also Iqbal*, 556 U.S. at 678. The Court, therefore, need not grant Delevante leave to amend his claims.

## V. CONCLUSION

I **RECOMMEND** that Experian's Motion to Dismiss [Doc. 7] be **GRANTED** and that Delevante's Amended Complaint be dismissed **WITH PREJUDICE**.

If Delevante objects to this Report and Recommendation and seeks leave to amend, he must attach a proposed second amended complaint to his objections.

Because this is a Final Report and Recommendation, and there is nothing further in this action pending before the undersigned Magistrate Judge, the Clerk is

**DIRECTED** to terminate the reference.

**SO REPORTED AND RECOMMENDED**, this 26th day of December, 2024.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE